## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELVALENA GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1209-R |
| | ) | |
| GAIL NASH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MOTION DISMISS AND BRIEF IN SUPPORT
## OF DEFENDANT TED KLEBER

---

Jessica L. Dark, OBA No. 31236
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile:  (405) 235-2904
jdark@piercecouch.com
jjamescurtis@piercecouch.com
*Attorneys for Defendant Ted Kleber*

March 14, 2025

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

STANDARD OF REVIEW ................................................................................... 2

ARGUMENTS & AUTHORITIES ...................................................................... 4

I.    THE STATUTES OF LIMITATIONS ON ALL OF PLAINTIFF'S
      CLAIMS HAVE EXPIRED ...................................................................... 5

      A. The Statute of Limitations for Any 42 U.S.C. § 1983 Claim
         Against Major Kleber Has Expired ................................................. 5

      B. The Statute of Limitations for Any Defamation Claim Against
         Major Kleber Has Expired ............................................................. 7

      C. Neither of These Claims Can Be Saved By Tolling ....................... 7

II.   PLAINTIFF FAILS TO STATE A 42 U.S.C. § 1983 CLAIM
      AGAINST MAJOR KLEBER ................................................................... 9

      A. Plaintiff Fails to Provide Kleber with Proper Notice of the
         Claims Against Him ....................................................................... 9

      B. Plaintiff Fails to Allege Any Plausible Claim Against Major
         Kleber .......................................................................................... 10

           i.    The Eighth Amendment is Inapplicable to This Case ..... 12

           ii.   Plaintiff Cannot Establish a Fourth or Fourteenth
                 Amendment Claim Against Major Kleber ....................... 12

      C. Major Kleber is Entitled to Qualified Immunity ......................... 14

III.  PLAINTIFF CANNOT ESTABLISH A DEFAMATION CLAIM
      AGAINST MAJOR KLEBER ................................................................. 15

CONCLUSION ................................................................................................. 16

CERTIFICATE OF SERVICE ........................................................................... 17

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Albright v. Oliver*,
  510 U.S. 266 (1994) ......................................................................................... 10

*Andersen v. DelCore*,
  2023 WL 5313974 (10th Cir. Aug. 18, 2023) ................................................. 14

*Arnold v. City of Olathe*,
  35 F.4th 778 (10th Cir. 2022) ......................................................................... 14

*Ashcroft v. al–Kidd*,
  563 U.S. 731 (2011) ......................................................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................3, 12

*Baker v. Bd. of Regents*,
  991 F.2d 628 (10th Cir. 1993) ........................................................................... 5

*Beck v. City of Muskogee Police Dep't*,
  195 F.3d 553 (10th Cir. 1999) ........................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 3

*Braxton v. Zavaras*,
  614 F.3d 1156 (10th Cir. 2010) ......................................................................... 7

*Carabajal v. City of Cheyenne*,
  847 F.3d 1203 (10th Cir. 2017) ....................................................................... 14

*Chavez v. Bd. of Cnty. Com'rs of Sierra Cnty.*,
  899 F. Supp. 2d 1163 (D.N.M. 2012) ............................................................. 11

*Clark v. Colorado Division of Securities*,
  2024 WL 1836917 (D. Colo. Apr. 26, 2024) ................................................... 3

*Design Grp., Inc. v. Info. Builders, Inc.*,
  24 P.3d 834 (Okla. 2001) ................................................................................. 7

*Est. of Smart by Smart v. City of Wichita*,
  951 F.3d 1161 (10th Cir. 2020) ....................................................................... 14

*Franklin v. Curry*,
  738 F.3d 1246 (11th Cir. 2013) ......................................................................... 3

*Frey v. Town of Jackson*,
  41 F.4th (10th Cir. 2022) ................................................................................... 4

*Gallegos v. City and County of Denver*,
  984 F. 2d 358 (10th Cir. 1993) ....................................................................... 10

*Jenkins v. Wood*,
  81 F.3d 988 (10th Cir. 1996) ......................................................................11, 12

*Johnson v. Johnson County Comm'n Bd.*,
  925 F.2d 1299 (10th Cir. 1991) ......................................................................... 6

*Lewis v. Casey*,
  518 U.S. 343, 116 S.Ct. 2174 (1996) ............................................................................ 11

*Lovelace v. Keohane*,
  831 P.2d 624 (Okla. 1992) ............................................................................................ 8

*Malley v. Briggs*,
  475 U.S. 335 (1986) ..................................................................................................... 15

*Miller v. Hawver*,
  474 F. Supp. 441 (D. Colo. 1979) ............................................................................... 11

*Mitchell v. Maynard*,
  80 F.3d 1433 (10th Cir. 1996) ..................................................................................... 12

*Morris v. County of Tehama*,
  795 F.2d 791 (9th Cir. 1986) ....................................................................................... 15

*Morris v. Thaler*,
  425 F. App'x 415 (5th Cir. 2011) .................................................................................. 3

*Mullenix v. Luna*,
  577 U.S. 7 (2015) ......................................................................................................... 14

*Nasious v. Unknown B.I.C.E. Agents*,
  492 F.3d 1158 (10th Cir. 2007) ..................................................................................... 4

*Novitsky v. City of Aurora*,
  491 F.3d 1244 (10th Cir. 2007) ................................................................................... 12

*Pahls v. Thomas*,
  718 F.3d 1210 (10th Cir. 2013) ..................................................................................... 4

*Perea v. Baca*,
  817 F.3d 1198 (10th Cir. 2016) ................................................................................... 14

*Rector v. Love's Travel Stops & Country Stores, Inc.*,
  2012 WL 2357427 (W.D. Okla. June 20, 2012) ......................................................... 15

*Reichle v. Howards*,
  556 U.S. (2012) ........................................................................................................... 14

*Reitmire v. United States*,
  2019 WL 419288 (W.D. Okla. Feb. 1, 2019) ............................................................... 9

*Robbins v. Oklahoma*,
  519 F.3d 1242 (10th Cir. 2008) ......................................................................... 3, 4, 9, 10

*Ruark v. Solano*,
  928 F.2d 947 (10th Cir. 1991) ..................................................................................... 11

*Shrum v. Cooke*,
  60 F.4th 1304 (10th Cir. 2023) ............................................................................... 4, 10

*Sierra Club v. Oklahoma Gas and Elec. Co.*,
  816 F.3d 666 (10th Cir. 2016) ....................................................................................... 3

*Smith v. City of Enid*,
  149 F.3d 1151 (10th Cir. 1998) ..................................................................................... 5

*Smith v. United States*,
  561 F.3d 1090 (10th Cir. 2009) ..................................................................................... 4

*Snell v. Tunnell*,
  920 F.2d 673 (10th Cir. 1990) ........................................................................................ 11
*Tanique, Inc. v. State*,
  99 P.3d 1209 (Okla.Civ.App.2004) .............................................................................. 16
*Vasquez v. Davis*,
  882 F.3d 1270 (10th Cir. 2018) ........................................................................................ 4
*Whiteley v. Warden, Wyoming State Penitentiary*,
  401 U.S. 560 (1971) ...................................................................................................... 15
*Whitley v. Albers*,
  475 U.S. 312 (1986) ...................................................................................................... 12

## Statutes

42 U.S.C. § 1983 ....................................................3, 4, 5, 7, 9, 10, 11, 12, 13, 16
Okla. Stat. tit. 12, § 96 .................................................................................................... 8

## Rules

Fed. R. Civ. P. 8 ............................................................................................................... 9
Fed. R. Civ. P. 8 (a)(2), (d)(1) ........................................................................................ 9
Fed. R. Civ. P. 12(b) ....................................................................................................... 3
Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 2, 3, 4, 8, 9

**MOTION TO DISMISS AND BRIEF IN SUPPORT
OF DEFENDANT TED KLEBER**

Defendant Major Ted Kleber submits this Motion to Dismiss Plaintiff's Complaint filed at Doc. 1 pursuant to Fed. R. Civ. P. 12(b)(6) as it fails to state a claim upon which relief may be granted. In support hereof, Major Kleber submits the following arguments and authorities:

**INTRODUCTION**

This suit arises from an investigation and search that occurred over *seven years ago*, along with two subsequent arrests of the Plaintiff. According to Plaintiff's allegations, she ran a daycare and served as a foster parent for nearly twenty years. (Doc. 1, ¶ 13). Plaintiff alleges that on October 12, 2017, based on information provided by employees of the Department of Human Services, Detective Matthew Henry of the Del City Police Department signed an affidavit for a search warrant for her home. (Doc. 1, ¶¶ 14, 40). A district court judge issued the search warrant the same day. (Doc. 1, ¶ 15). Del City Police subsequently executed the search and issued a warrant for Plaintiff's arrest. (Doc. 1, ¶¶ 16-17; 43-46). Plaintiff was then booked into Oklahoma County Jail. She posted a $60,000 surety bond for allegations of child abuse, child neglect, possession of CDS, maintaining a place where CDS is kept, domestic abuse by strangulation, and possession of CDS without a tax stamp. (Doc. ¶ 19). Plaintiff appeared for an arraignment hearing on December 28, 2017. At that time she was told no charges would be filed. On October 2, 2020, the State then filed formal charges against the Plaintiff for child neglect and abuse. (Doc. 1, ¶ 26). In January of 2022, after a hearing, Plaintiff was placed on house arrest. (Doc. 1, ¶ 34).

1

Plaintiff then filed a Motion to Reconsider and Vacate, which resulted in a judge vacating the house arrest fourteen days later. (Doc. 1, ¶ 36). Then, in February of 2023, all charges against her were dismissed. (Doc. 1, ¶ 38).

Now, nearly seven years after Plaintiff's first arrest and three years after her last arrest, she brings suit against multiple defendants for an alleged violation of her constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. Plaintiff's Complaint names as defendants DHS employees Gail Nash, Timothy Reed, and Mallory Hulsey and Del City Police Major Ted Kleber and Detective Matthew Henry[1], and six "unknown individuals who were involved but not yet identified." Regarding Plaintiff's claims against Major Kleber, the statute of limitations for any claims against him has long since expired. Even if the Court ignored this fatal dispositive flaw, Plaintiff's Complaint fails to state sufficient factual allegations as to Major Kleber that could state a claim against him pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

Plaintiff's claims against Major Kleber face two insurmountable hurdles: (1) the statute of limitations has run on any potential claims Plaintiff may have had against Major Kleber; and (2) even if the claims were timely, Plaintiff fails to plead facts sufficient to

---

[1] Plaintiff has previously mentioned that two of the Defendants are now deceased (Doc 4, ¶ 3) One of those defendants is Detective Henry, who unexpectedly died in October of 2023. https://okcfox.com/news/local/del-city-police-department-matt-henry-unexpected-medical-issue-officer-investigator-shift-supervisor-cared-deeply-family-natalie-laura-challenging-time-prayers#

show a plausible claim for relief against Major Kleber. The standard for a 12(b)(6) motion applies to both these issues.

A statute of limitations defense "may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Oklahoma Gas and Elec. Co*., 816 F.3d 666, 671 (10th Cir. 2016) (internal quotations and citations omitted). As for the plausibility of Plaintiff's Complaint, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true,[2] "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In § 1983 cases, it is imperative "that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as

---

[2] Pointedly, however, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are those that express "a factual inference without stating the underlying facts on which the inference is based." *See* Black's Law Dictionary (11th ed. 2019); see also *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (Conclusory allegations fail to apprise defendants "of the conduct that forms the basis of the charges against them."); *Morris v. Thaler*, 425 F. App'x 415, 421 (5th Cir. 2011) (Conclusory allegations are "vague, lacking in specifics, or amount to mere recitations of the relevant legal standards without any supporting factual narrative."); *accord. Clark v. Colorado Division of Securities*, No. 1:23-CV-01279-SKC-JPO, 2024 WL 1836917, at *4 (D. Colo. Apr. 26, 2024).

3

to the basis of the claims against him or her." See *Robbins*, 519 F.3d at 1249-50 (emphasis in original); see also *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

Additionally, in this Circuit, the level of specificity required to establish plausibility and give fair notice "depends on the contact and the type of case." *Frey v. Town of Jackson*, 41 F.4th 1233, 1232 (10th Cir. 2022). In this type of case, a § 1983 suit, showing plausibility requires "connecting defendants to misconduct in pleadings[.]" *Shrum v. Cooke*, 60 F.4th 1304, 1312 (10th Cir. 2023). Said differently, "to recover damages from each of [multiple] defendants under § 1983, [Plaintiffs have] to show that such defendant personally participated in the alleged constitutional violation."). *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Or, as the Tenth Circuit occasionally describes it, § 1983 Plaintiffs have to show "who did what to whom." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Nasious v. Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed plaintiff; and, what specific legal right the plaintiff believes the defendant violated").

As shown herein, all claims against Defendant Kleber should be dismissed as the Complaint fails to state a claim against him pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENTS & AUTHORITIES

The claims against Defendant Kleber in Plaintiff's Complaint must fail for two reasons. First, the statute of limitations on Plaintiff's claims against Major Kleber has long since run. Second, Plaintiff has not alleged any personal participation on the part of Major Kleber. Plaintiff's unclear allegations only further highlight the Complaint's shortcomings,

4

as it is difficult to tell what claims Plaintiff is even alleging against Major Kleber or what actions she believes he took that violated her constitutional rights. These issues are all detrimental to Plaintiff's claims against Major Kleber.

## I.    THE STATUTES OF LIMITATIONS ON ALL OF PLAINTIFF'S CLAIMS HAVE EXPIRED

The statutes of limitations for any claims Plaintiff has or may have against Major Kleber passed long before Plaintiff filed suit. Thus, the claims against him should be dismissed as a matter of law. As discussed herein, Plaintiff's Complaint is unclear and conclusory such that it is difficult to even determine what causes of action she intends to bring against Major Kleber. For the purposes of this brief, Major Kleber assumes that Plaintiff intends to assert a claim arising under 42 U.S.C. § 1983 claim, as well as a state law defamation claim. (Doc. 1, ¶¶ 10, 48). The statute of limitations for both of these claims has long expired.

### A. The Statute of Limitations for Any 42 U.S.C. § 1983 Claim Against Major Kleber Has Expired

In 42 U.S.C. § 1983 cases, the statute of limitations for filing a claim is based on the state's deadline for personal injury suits. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Such suits in Oklahoma are subject to a two-year statute of limitations. 12 O.S. § 95(A)(3). However when a § 1983 claim accrues is a question of federal law. *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents,* 991 F.2d 628, 632 (10th Cir. 1993). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or

search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson County Comm'n Bd*., 925 F.2d 1299, 1301 (10th Cir. 1991).

Based on Plaintiff's minimal allegations against Major Kleber, it appears she intends to assert a claim for false arrest or unlawful seizure. (Doc. 1, ¶ 10). The statute of limitations for such claims began to accrue at the time of the arrest and/or search and seizure. *Id*. The Plaintiff's allegations against Major Kleber are vague, making it hard to identify when he allegedly took any actions that could lead to a claim against him. This confusion is compounded by the fact that the Plaintiff appears to reference two separate incidents that she claims give rise to this Complaint. However, it is clear that the statute of limitations on both complained-of incidents has run. Here, as demonstrated by Plaintiff's own allegations, the original search and seizure that gave rise to this Complaint occurred sometime between October 12, 2017, and October 17, 2017. (Doc. 1, ¶¶ 15-16). A warrant for Plaintiff's arrest was then issued on October 17, 2017. (Doc. 1, ¶ 17). Thus, based on the two-year statute of limitations, the deadline to file a lawsuit arising out of this arrest expired on October 17, 2019. Yet, Plaintiff did not file suit against Defendants until November 19, 2024 (Doc. 1) – more than five years after the statute of limitations expired.

The second arrest allegedly occurred on June 8, 2021. (Doc. 1, ¶ 29) Thus, the statute of limitations to file a lawsuit based on this incident expired on June 8, 2023. (Doc. 1, ¶ 29). Finally, the latest date of any incident that could be considered an arrest would be January 5, 2022, when Plaintiff was allegedly placed on house arrest. (Doc. 1, ¶ 34). This statute of limitations would have expired on January 5, 2024. No matter which arrest Plaintiff alleges that Major Kleber was involved in or when Major Kleber allegedly took

6

any action against Plaintiff, the statute of limitations on such claims has long expired and all wrongful arrest claims should be dismissed as a matter of law.

### B.   The Statute of Limitations for Any Defamation Claim Against Major Kleber Has Expired

Plaintiff claims that Major Kleber made "false and inflammatory statements" about her.  (Doc. 1, ¶ 48). To the extent that Plaintiff is asserting a defamation claim against Major Kleber, this claim must also fail as the applicable statute of limitations has expired. Oklahoma law expressly provides that actions for defamation can only be brought within on year after the cause of action accrues. 12 O.S. § 95(4). "[A] [defamation] action generally accrues on the date of publication." *Dig. Design Grp., Inc. v. Info. Builders, Inc.,* 24 P.3d 834, 839 (Okla. 2001). Plaintiff's Complaint is silent as to when Major Kleber allegedly made false statements. Still, even if this Court found the action began to accrue on the latest date mentioned in Plaintiff's Complaint, February of 2023, the statute of limitations would have expired in February of 2024. This is more than eight months before Plaintiff filed suit in this case. As such, any defamation claim against Major Kleber must be dismissed as a matter of law.

### C.   Neither of These Claims Can Be Saved By Tolling

No tolling argument could save Plaintiff either. Oklahoma law governs the tolling of both the 42 U.S.C. § 1983 claim and any potential defamation claim.  *Braxton v. Zavaras,* 614 F.3d 1156, 1159 (10th Cir. 2010). In general, Oklahoma permits the tolling of the statute of limitations in only two circumstances. First, the statute of limitations may be tolled when the plaintiff is under a "legal disability" during the limitations period.

Although the exact definition of "legal disability" is unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. *See, e.g., Lovelace v. Keohane,* 831 P.2d 624, 629 (Okla. 1992) (finding that those who could conduct their own business affairs over time are sufficiently competent to render them ineligible for "legal disability" tolling); Okla. Stat. tit. 12, § 96 (citing incompetence and failure to attain the age of majority as grounds for meriting legal disability tolling). Here, the Complaint is devoid of any allegation indicating that the Plaintiff was under any legal disability at the time of the limitations period. As such, Plaintiff has no basis for tolling the statute of limitations in that regard.

Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered the injury, and resulting cause of action." *Lovelace, supra.* (Citation omitted, emphasis in original). Plaintiff was clearly aware when she was arrested or otherwise seized and a lawsuit was not filed within two years of any of those dates. Additionally, the limited facts also indicate that she would have been aware of any potential defamatory statement long before her criminal case was dismissed in February of 2023. Thus, all Plaintiff's claims against Major Kleber are time-barred and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Even based on Plaintiff's own, albeit sparse, allegations made against Major Kleber in the Complaint, there is simply no way for Plaintiff to overcome the statute of limitations issue. Her claims against Major Kleber are untimely and must be dismissed.

## II.  PLAINTIFF FAILS TO STATE A 42 U.S.C. § 1983 CLAIM AGAINST MAJOR KLEBER

Even if the statute of limitations issue did not prevent Plaintiff's claims against Major Kleber, the claims still fail to meet the pleading standards of Fed. R. Civ. P. (8)(a) and 12(b)(6). Plaintiff's limited facts fail to give Major Kleber proper notice of the claims against him. Plaintiff also fails to establish any plausible claim against Major Kleber because the facts alleged do not show he personally participated in any alleged constitutional violation. Thus, the claims against Major Kleber should be dismissed.

### A. Plaintiff Fails to Provide Major Kleber with Proper Notice of the Claims Against Him

Fed. R. Civ. P. 8 requires, among other things, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(2), (d)(1). "This is not just a minimum standard for a plaintiff but also a protection for a defendant." *Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at \*1 (W.D. Okla. Feb. 1, 2019).

In 42 U.S.C. § 1983 cases such as the instant action, where the defendants include various government actors sued in various capacities, plaintiffs must make clear in their complaint exactly *who* is alleged to have done *what* to *whom* so that each individual defendant has fair notice of the claims against him or her, as distinguished from collective allegations against the state. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).  Failure to make clear *who is alleged to have done what to whom* will result in dismissal "for failure to state a claim upon which relief can be granted." *Id.* at 1246 & 1254. "[U]se of either the collective term 'Defendants' or a list of the defendants named

9

individually but with no distinction as to what acts are attributable to whom," is insufficient to overcome a motion to dismiss. *Id.* at 1250.

Plaintiff's Complaint fails to meet this standard, as her Complaint fails to give Major Kleber notice of the claims against him. The only facts that name Major Kleber allege that:

- Defendant MAJ. TED KLEBER, an employee of the Del City Police Department, in his individual capacity was working under color of State law at the time the allegations arose. This Defendant engaged in activity that caused an unlawful arrest/seizure. (Doc. 1, ¶ 10).

- Maj. Ted Kleber, with the Del City Police Department, made false and inflammatory statements in violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendments Rights. (Doc. 1, ¶ 48).

That is it. Those are the *only* two times Major Kleber's name is mentioned in the Complaint. The remaining "allegations" are made against an unspecified group of "defendants" and are nothing more than a recitation of the elements of a 42 U.S.C. § 1983 claim. (Doc. 1, ¶¶ 50-51). The Tenth Circuit has emphasized that such allegations against "undifferentiated defendants" do not meet the required pleading standard. *Shrum v. Cooke*, 60 F.4th 1304, 1312 (10th Cir. 2023). Thus, the Court should disregard these allegations. When one looks to the actual allegations made against Major Kleber it cannot be said that Plaintiff provides proper notice of what actions Kleber took or failed to take that would show he violated her constitutional rights.

### B. Plaintiff Fails to Allege Any Plausible Claim Against Major Kleber

Section 1983 creates no substantive civil rights, but rather only provides a procedural mechanism for enforcing rights established elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Gallegos v. City and County of Denver*, 984 F. 2d 358, 362 (10th Cir. 1993); *see*

*also Miller v. Hawver*, 474 F. Supp. 441, 442 n.1 (D. Colo. 1979) (§ 1983 is not a general or common law tort claims statute). To show a constitutional violation by a defendant in their individual capacities under § 1983, Plaintiffs "must establish [that the defendant] acted under color of state law and caused or contributed to the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991), *overruled on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2179-82 (1996)); *see also Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990).  Plaintiff also must identify "which constitutional right is alleged to have been infringed . . . [and] reference . . . the specific standard which governs that right." *Chavez v. Bd. of Cnty. Com'rs of Sierra Cnty*., 899 F. Supp. 2d 1163, 1186 (D.N.M. 2012) (internal quotations and citations omitted) A 42 U.S.C. § 1983 "claim that brings an allegation with the wrong underlying constitutional amendment . . .  is invalid on its face and must be dismissed even if the protections are the same under both constitutional provisions. *Id.*

Plaintiff's allegations against Major Kleber are unclear as to exactly what constitutional "right" she believes he violated. She merely states that he violated her "Fourth, Eighth, and Fourteenth Amendment rights" without any distinction as to what allegations rest on which underlying constitutional amendment. This alone is grounds for dismissal, as the conclusory allegations make it difficult to determine what specific standard is applicable in each scenario. But even this fatal flaw is ignored, the Eighth Amendment is inapplicable to this case and Plaintiff fails to establish that Major Kleber participated in any Fourth or Fourteenth Amendment violations.

11

### i.     The Eighth Amendment is Inapplicable to This Case

Plaintiff attempts to invoke constitutional amendments and standards that are not even applicable to her claims. Specifically, Plaintiff claims that Major Kleber violated her Eighth Amendment rights. (Doc. 1, ¶ 48). But the Eighth Amendment serves to provide protection to convicted prisoners. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). By Plaintiff's own allegations, she was never a convicted prisoner and thus the Eight Amendment does not apply. (Doc. 1, ¶¶ 18-20; 23-38). Accordingly, any Eighth Amendment claim against Defendant Kleber should be dismissed as a matter of law.

### ii.    Plaintiff Cannot Establish a Fourth or Fourteenth Amendment Claim Against Major Kleber

Despite which constitutional provision Plaintiff's claims rely on, Plaintiff fails to establish the first requirement for *any* 42 U.S.C. § 1983 claim — personal participation. Personal participation is an essential element of *any* 42 U.S.C. § 1983 claim. *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (emphasis added). For individual liability to arise under § 1983, a plaintiff must establish a defendant's direct personal responsibility for the claimed deprivation of a constitutional right. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007). Thus, the Plaintiff "must plead that each . . . defendant, through the official's own actions, has violated the Constitution." *Ashcroft,* 556 U.S. at 662. Conclusory allegations of constitutional violations are not enough to establish personal participation. *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996). Plaintiffs must demonstrate "a deliberate, intentional act" by [these Defendants] to violate constitutional rights." *Jenkins*, 81 F.3d at 994-95.

The allegations Plaintiff presents are conclusory and lack specific factual support that would establish any plausible connection between Major Kleber's actions and the alleged violation of Plaintiff's rights. Plaintiff does not specify what conduct Major Kleber personally engaged in, nor does she claim any direct interaction between herself and Major Kleber. By Plaintiff's own allegations, the search warrant and subsequent arrest warrants that on which she rests her claims were all based on allegations made by DHS employees, not Major Kleber. (Doc. 1, ¶¶ 40-47). Plaintiff then alleges that Detective Henry signed the affidavit for the search warrant and an unidentified District Court judge signed the search warrant and warrant of arrest issued in 2017. (Doc. 1, ¶¶ 14-17). Plaintiff also does not allege that Major Kleber was involved in any of the arrests that occurred after the State filed formal charges in 2020. (Doc 1, ¶¶ 26-31). Without any allegations as to Major Kleber's involvement, if any, Plaintiff's 42 U.S.C. § 1983 claims were doomed from the start.

Plaintiff's claims are also so vague that it is impossible to discern what constitutional right was purportedly violated by whom and how Major Kleber was involved. At best, Plaintiff's Complaint suggests that Major Kleber, as an employee of the Del City Police Department, was somehow involved in one of her arrests and made defamatory statements against her. But again, Plaintiff offers no facts to show how Major Kleber was involved in the arrest, what statements he made against her and to whom, or when such occurred. Without this key information, Major Kleber is left wondering what activity he engaged in that could possibly have violated her Fourth, Eighth, and Fourteenth Amendment rights.

13

Without any facts that establish a clear connection between Major Kleber's actions and the alleged constitutional violations, there is no basis for holding Major Kleber liable. Therefore, this Court should dismiss Plaintiff's claims against Major Kleber, as the lack of any fact to show personal participation renders the allegations legally insufficient.

### C. Major Kleber is Entitled To Qualified Immunity

The Court is no doubt firmly aware of qualified immunity's principles. The affirmative defense of qualified immunity "creates a presumption that [the defendant is] immune from suit." *Est. of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020) (quoting *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016)) (alteration in original). To overcome the qualified immunity defense, Plaintiff must show: (1) Defendants violated Plaintiff's constitutional or statutory rights; and, (2) the right was clearly established at the time of the defendants' conduct. *Arnold v. City of Olathe,* 35 F.4th 778, 788 (10th Cir. 2022); *Andersen v. DelCore*, 2023 WL 5313974, at *4 (10th Cir. Aug. 18, 2023). The Plaintiff bears the "heavy burden" of satisfying both parts of this test. *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017).

"A right is clearly established for qualified immunity purposes if 'every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015) (citing *Reichle v. Howards*, 556 U.S. 658 (2012)). The party opposing qualified immunity need not identify "a case *directly* on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (emphasis added). Qualified immunity is a

14

powerful imposition, protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Again, it is difficult to determine what right Plaintiff believes was violated by Major Kleber or how he violated such a right since her Complaint is so conclusory and speculative. Even so, the Tenth Circuit is clear that officers who execute an arrest warrant are entitled to assume that it is validly obtained and to assume the validity of search warrants secured by other officers. *See Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 568 (1971); *Morris v. County of Tehama,* 795 F.2d 791, 795 (9th Cir. 1986). As discussed above, there are no facts indicating that Major Kleber obtained the warrant or executed the warrant. There are also simply no facts that suggest Major Kleber acted contrary to clearly established law since he is entitled to assume the validity of warrants obtained by others. Plaintiff has not demonstrated that he has violated any statutory or constitutional right, let alone one that was so clearly established beyond debate. Accordingly, Plaintiff's claims against Major Kleber fail as a matter of law.

## III.   PLAINTIFF CANNOT ESTABLISH A DEFAMATION CLAIM AGAINST MAJOR KLEBER

To the extent Plaintiff attempts to bring a state law defamation claim against Major Kleber, such a claim must also fail as a matter of law. To state a claim for defamation, Plaintiff must show: "1) a false and defamatory statement, 2) an unprivileged publication to a third party, 3) fault amounting to at least negligence on the part of the publisher, and 4) either the actionability of the statement regardless of damage, or the existence of special damage." *Rector v. Love's Travel Stops & Country Stores, Inc.,* No. CIV-11-1233-D, 2012

15

WL 2357427, at *3 (W.D. Okla. June 20, 2012) (quoting *Tanique, Inc. v. State*, 99 P.3d 1209 (Okla.Civ.App.2004)). Like Plaintiff's federal claims, Plaintiff fails to allege sufficient facts to demonstrate a plausible claim for relief. She again only offers a single conclusory statement that Major Kleber "made false and inflammatory statements." Plaintiff fails to provide any (much less sufficient) facts that show what statements were made by Major Kleber, to whom these alleged statements were made, how they were false, or any fault on the part of Major Kleber. She has not provided enough facts to support a reasonable inference that Major Kleber could be liable for defamation.

## CONCLUSION

For the reasons stated herein, Plaintiff's claims against Major Kleber cannot survive a motion to dismiss. All claims against Major Kleber are time barred by the applicable statute of limitations. Even if the claims were not time barred, Plaintiff has offered no facts that could state a plausible claim under 42 U.S.C. § 1983 or state a plausible claim for defamation.

WHEREFORE, premises considered, Defendant Major Ted Kleber respectfully requests the Court grant his Motion and dismiss all of Plaintiff's claims against him as Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted,

s/Jessica L. Dark
Jessica L. Dark, OBA No. 31236
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
jdark@piercecouch.com
jjamescurtis@piercecouch.com
*Attorneys for Defendant Ted Kleber*

## CERTIFICATE OF SERVICE

I certify that on the 14th day of March, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

s/Jessica L. Dark
Jessica L. Dark

17